Wagoner *v.* The State.

ROBERT WAGONER *v.* THE STATE.

CRIMINAL LAW. *Rape. Presumption.* The presumption of the incapacity of a boy under fourteen years of age to commit rape is not conclusive, but may be removed by proof.

FROM KNOX.

Appeal in error from the Criminal Court of Knox county.   M. L. HALL, J.

W. F. YARDLEY for Wagoner.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

This is a conviction of rape, perpetrated upon a girl about twelve years old by a boy whose age, according to the evidence in the record, does not exceed fourteen or fifteen years, and by his father's evidence, is less than fourteen years.   The common law rule is, that the law presumes a boy under fourteen years cannot be guilty of this crime.   2 Whar., sec. 1134; 1 Arch., 997;  3 Greenl. Ev., sec. 215.   And by some of the cases and text-books this presumption has been held conclusive.   By others it has been held that this presumption may be rebutted;  and this last rule we think the sounder one, for it is hardly reasonable to establish or adhere to an arbitrary date which will hold a party guiltless one day and guilty

Wagoner v. The State.

the next of the same offense, which would be the case
if we were to hold a person incapable of committing
crime the day before he became fourteen years old,
and yet liable to all its penalties the next day, with-
out any perceptible change physically or mentally or
otherwise in the offender. It is perhaps giving to one
*doli capax* all that he is entitled to by allowing him
the benefit of the presumption that he is incapable of
committing this particular crime while under the age
of fourteen years, leaving the *onus* upon the State of
removing this presumption by satisfactory proof. The
judge of the criminal court charged in conformity to
this view, and we approve his charge as correct.

There is no controversy as to the perpetration of
the offense. The girl testifies to the fact of penetra-
tion, and the boy himself admitted that he had accom-
plished his purpose. He resorted, while in the act,
to the usual practices of older offenders in such cases,
of choking and threatening to kill, to prevent an out-
cry, and fled immediately, and was captured some fifteen
miles from the scene of the outrage.

We are of opinion that the evidence in this case
was sufficient to justify the jury in finding that the
legal presumption of incapacity to commit the crime
was rebutted.

The judgment will be affirmed.